Uevius, J.
This action was instituted in August, 1836, by the plaintiffs against the defendants as absconding debtors. The affidavit was in form and substance as prescribed by the statute. By virtue of the writ, the sheriff attached the right and interest of the defendants in a lot of land situate in his county: and all the proceedings in the case, till final judgment which was entered in April term, 1837, were regular. At this term, two of the auditors who had survived the third, reported that there was due the plaintiffs, one hundred and twenty dollars and thirty-one cents, and that no other claims had been presented to them. This report being confirmed and final judgment rendered, the court ordered the auditors to make sale of the lands, according to law. In the term of July, 1838, the auditors reported, that they had sold the lands according to law, on the 28th of May preceding, for one hundred and fifty dollars. That on the day of sale, and before the sale, the defendants’ attorney gave notice that he intended to apply to the court at the next term, to open the judgment, for fraud and mistake, of which, notice was afterwards given to the plaintiffs’ attorney, and also a notice of an application for a rule to show cause, why the writ should not be quashed. That in consequence of these notices, the deed for the premises was not delivered.
At this term, the court ordered the judgment to be opened on the alleged ground, that it was entered for too much, and referred the matter back to the auditors. And also granted a rule to *218 show cause, why the writ should not be quashed, with leave to the parties to take affidavits.
Upon the argument of this rule, in the term of January, 1839, the court of Common Pleas made the following order: “ It appearing by the admission of the parties, that William Anderson one of the defendants was at the time of issuing the attachment, of the age of se%Tenty years and upwards, and served a period in the militia service in the war of the revolution, and it further appearing by the evidence in the case, that the defendants were residing in the state at the time of issuing the said attachment. It is therefore, after argument by counsel, and mature deliberation, ordered and adjudged, that the said writ of attachment be quashed, and all proceedings therein had, be set aside.”
To reverse these several orders and judgments of the Common Pleas, this Certiorari has been brought. Upon an examination of the state of the case presented, which contains the evidence taken under the rule of the court below, it is established, that one of the defendants was upwards of seventy years of age, and had served in the revolutionary war, and that both were actually residing in this state, when the writ issued. But the evidence by no means proves, that the plaintiffs knew that fact, or that they acted in bad faith in suing out their writ; on the contrary it is shown, that they made an effort to find the defendants, and had sued out a summons which had been returned by the officer, that they could not be found. Whether there was a mistake or not in the amount of the judgment, does not appear from the evidence, but it is alleged in the order, that it did so appear, and does not now seem to be controverted.
From this statement, the questions presented are:
First, Whether the court below did right in opening the judgment.
Second, Whether an attachment will lie against a soldier of the revolution of seventy years of age, and
Third, Whether a domestic attachment can be sustained, where the defendant is at the time, a resident in the state.
The final judgment was entered in April, 1837; the motion to open the judgment and the order opening it, was in July, 1838, as much as fifteen months afterwards. To admit the right of the court to open or set aside a judgment regularly obtained, after *219 such a length of time, on the ground of a mistake in the amount, would be admitting a principle that would be attended with most serious consequences to society. Ho man would be safe in becoming a purchaser under an execution, if his title under a regular judgment, could be so easily subverted. I will not deny, that the court may open a judgment for such cause, if applied for at the earliest opportunity and before it is, or by law might be carried into effect. But here the defendants, after publication of notice of the attachment, which in presumption of law is notice to them, sleep over their rights for more than a year, without an attempt to correct the mistake. They carne too late with their motion, and 1 think the court erred in granting it.
Upon the second point I am also of opinion, that the court erred, and that an attachment will lie as well against a soldier of the revolution as any other person. The sixth section of the act of 1830, Elm. Dig. 258, provides, “ that no person of seventy years of age and upwards who served in the regular or militia service in the war of the revolution, shall be imprisoned for debt, Provided, that when such person shall bo arrested, he shall go before some justice and make proof, that he is entitled to the provisions of this act.” It is urged by the defendants’ counsel as a settled rule of law, that an attachment will not lie where the defendant cannot be held to bail, and authorities are cited in support of their position. The cases referred to, by counsel, in which such a principle is advanced, both by counsel and the court in delivering its opinion, are Peacock et al. heirs &c. Wildes, 3 Hal. 179; Jeffery v. Wooley, 5 Hal. 123; Haight v. Executors of Bergh, 3 Green, 183; and Pullinger v. Van Emburgh, 1 Har. 457. In the first of these cases, the real question was, whether the defendants as heirs could be considered as debtors on the contract of their ancestor. As an affidavit of indebtedness could not in such case be made by the plaintiff, the writ was quashed. In the case of Jeffery v. Wooley, the claim was for unliquidated damages on breach of covenant, and therefore the necessary affidavit could not be made to warrant an attachment; and in the case in 3d Green 183, the writ was against executors for debt of their testator, and consequently they could not be said to be indebted. In. none of these cases therefore, did it become necessary to decide, that an attachment would not lie where a defend *220 ant could not be held to bail, for in none of them, was there or could there be such an affidavit as was required by the attachment act. I cannot therefore attach such weight to the remark made by the court .in these cases, that an attachment would only lie where the defendant could beheld to bail, as it would otherwise be entitled to. And I confess the inclination of my mind is strongly against such a doctrine. But whatever doubt might exist as to the law in this case, the question was settled by this court in the case of Pullinger v. Van Emburgh, where it was in direct terms decided, “that a female debtor cannot be proceeded against by attachment, because she cannot be held to bail in a civil suit.” If the case before us came within the spirit of that decision, I should feel compelled to submit to the authority, and say, that the writ had been improperly issued and (if the motion to quash had been made at a proper time,) that the court had committed no error in setting it aside. But I apprehend, that a soldier of the revolution may, by the law of New Jersey, be arrested and held to bail in a civil action, and that he would not be entitled to his discharge, till he had made the proof, required in the proviso of the statute. The objection therefore to the attachment, is not sustained on that ground.
Nor do I think the court below were more fortunate in placing thei r decision on the other ground, that the defendants were at the time of the attachment, residents in New Jersey. If the plaintiffs verily believed, that the defendants absconded from their creditors, and were not at that time resident in this state; and in good faith made their affidavit to that effect, they were entitled to their writ of attachment; and the only mode by which the defendants could get clear of it, would be by filing special bail, or under the present law by giving bond. It is true the court have in some instances quashed a writ of attachment, on the ground that the defendant had not in truth absconded, or was not in truth a resident in another state; but this has always been where there was some evidence to show that the plaintiff had abused the process of the court, and acted in bad'faith. There is no such evidence in the present case.
I think the court below erred, and that their judgment should be reversed.
*221 Hornblower, C. J. and White, J., concurred in reversing the judgment.
Ford, Justice, absent bv reason of sicicness.
Judgment reversed,